# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTI LAIRD,<br><br>            Plaintiff,<br><br>   vs.<br><br>UNITED OF OMAHA LIFE INSURANCE CO.,<br><br>            Defendant. | CASE NO. 15cv2205-LAB (JMA)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THE ADMINISTRATIVE RECORD UNDER SEAL; AND**<br><br>**ORDER REQUIRING REDACTION OF PORTIONS OF THE RECORD TO BE USED AT TRIAL OR IN DISPOSITIVE MOTIONS** |

Plaintiff Christi Laird brings claims under the Employee Retirement Income Security Act of 1974 (ERISA), for denial of disability benefits.  No motions are pending, but a bench trial is scheduled for November 2, 2016.

Defendant United of Omaha has filed an unopposed motion (Docket no. 28) for leave to file the entire administrative record (Docket no. 29) under seal. The motion cites the "good cause" standard for sealing.  It points out that the record is nearly 1,250 pages long, and is peppered with personally-identifiable information such as Laird's social security number and date of birth.  Some of the record consists of images, so even if the parties attempted to redact the record electronically, there is a significant chance some of it would be missed. Redacting the entire record manually would be expensive and time-consuming. The motion

does not offer an explanation of what the record will be used for, but at this time it is not being offered in support of any dispositive motion or matter.

To the extent the record will be cited in nondispositive motions or used for other preliminary, non-dispositive purposes, the "good cause" standard governs. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009). The Court finds good cause for sealing the record for nondispositive purposes, and the motion is **GRANTED**.

To the extent the record will be used either at trial or in support of any dispositive motion, the "compelling reasons" standard governs. *See Oliner*, 745 F.3d at 1026–27; *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–80, 1182 (9th Cir. 2006). That standard is not likely to be met here, because using excerpts of the record would undercut much of the argument concerning the expense and difficulty of redaction.

If the parties anticipate using the record for such purposes, they should begin selecting and redacting the portions they expect to use, and they should prepare a list of the specific type of information being redacted from each excerpt as well as the reasons why it must be redacted. *See id*. at 1183–84 (government was required to offer compelling reasons for redacting information from records). Before offering redacted exhibits, they should be prepared to show compelling reasons for any redactions. *See id*. And they should not expect to be permitted to offer any sealed exhibits at all, unless they can establish a compelling reason why the entire exhibit must be sealed.

**IT IS SO ORDERED**.

DATED: October 6, 2016

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge